In the Matter of Barney F. GORIN, Debtor.

TRANSITOWNE LEASING, INC., Plaintiff,

v.

Barney F. GORIN, Martin W. Hoffman, Esq., Trustee, Defendants.

Bankruptcy No. 2–81–00549.
Adv. No. 2–81–0384.

United States Bankruptcy Court, D. Connecticut.

Feb. 26, 1982.

Peter T. Zarella, Hartford, Conn., for plaintiff.

Bruce S. Beck, and Kathleen Eldergill, Manchester, Conn., for debtor-defendant.

Martin W. Hoffman, Hartford, Conn., trustee.

MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Barney F. Gorin, the debtor, filed a chapter 7 petition on May 26, 1981. On June 24, 1981, Transitowne Leasing, Inc. (Transitowne) filed a complaint to reclaim an automobile allegedly leased to and in the possession of the debtor. Transitowne named the debtor and the trustee as defendants in the complaint. On October 27, 1981, the debtor filed an answer to the complaint and a counterclaim containing three counts. In the second count, the debtor alleges that Transitowne, after receiving notice of the filing of the debtor's chapter 7 petition and in violation of the provisions of 11 U.S.C.

§ 362(a),[1] caused a warrant to issue for the arrest of the debtor and for the return of the automobile. The debtor further alleges these activities of Transitowne were an "intentional attempt to circumvent the provisions of the United States Code as relating to Debtors by attempting to recover said vehicle and/or the balance allegedly due Plaintiff by the Debtor without following the procedures outlined by the United States Bankruptcy Code and the rules of the United States Bankruptcy Court." The debtor claims compensatory and punitive damages and reasonable attorney's fees for all three counts. Transitowne filed a motion to dismiss the second count, pursuant to Fed.R.Civ.P. 12(b)(6),[2] for failure to state a cause of action upon which relief can be granted because "[a] violation of 11 U.S.C. § 362(a) does not give rise to a private cause of action."

## II.

A motion to dismiss for failure to state a claim is viewed with disfavor and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957) (footnote omitted). The court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. It need not appear that the plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted. *C. Wright & A. Miller, 5 Federal Practice and Procedure* § 1357 (1969).

Transitowne, in the brief accompanying its motion, acknowledges that a violation of the automatic stay can be treated as a civil contempt, citing *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976).[3] Thus, the short answer to Transitowne's motion is that since the second count will sustain a recovery to the debtor under the court's contempt powers, the motion to dismiss must be denied. It is, therefore, unnecessary to determine whether, in the absence of any right of recovery under these contempt powers, an additional private right of action may be implied for a violation of § 362. *See In re Reed*, 11 B.R. 258, 270 n.20, 7 B.C.D. 777, 784 n.20 (Bkrtcy., D.Utah 1981); *In re Pal Transport, Inc.*, 13 B.R. 935, 8 B.C.D. 183, 186 (Bkrtcy., N.D.Fla.1981). In both the *Reed* and *Pal* opinions, doubt was expressed as to whether a civil cause of action, not based on

---

1. 11 U.S.C. § 362(a)(3) provides, in pertinent part, that "a petition . . . operates as a stay, applicable to all entities, of
   (3) any act to obtain possession of property of the estate or of property from the estate . . . ."

2. Fed.R.Civ.P. 12(b)(6) is made applicable to adversary proceedings by Fed.R.Bankr.P. 712.

3. In *Fidelity Mortgage Investors*, the court held that the contempt power of the bankruptcy court under § 41(a) of the Bankruptcy Act of 1898 and Fed.R.Bankr.P. 920 includes the authority to enforce the stay imposed by Fed.R. Bankr.P. 11–44 by use of contempt orders, even though the Bankruptcy Act of 1898 did not literally command obedience to rules, but only to orders, processes, and writs.

   Rule 11–44 specifically provides that a Chapter XI proceeding "shall operate as a stay of the commencement" of any proceeding against the debtor or with respect to the debtor's property. Since Rule 11–44 has the effect of an order and was designed to expedite automatically the stay that would other-

wise be obtained by an order, it would be exalting form over substance to hold that a violation of Rule 11–44 is not punishable under § 41(a) and Rule 920 because technically the rule-base stay is not labeled an "order, process or writ".
550 F.2d at 52–53. (footnote omitted).
Rule 11–44 is a predecessor to the present § 362 of the Bankruptcy Reform Act. A pending technical amendments bill codifies the holding of *Fidelity Mortgage Investors* by amending 28 U.S.C. § 1481 to include the following: "(b) a contempt punishable by a bankruptcy court includes any act that is in violation of a stay under title 11." S. 658, 96 Cong., 2d Sess. § 225 (1980); H.Rep.No.1195, 96th Cong., 2d Sess. 157, 206 (1980).
Section 1481 of 28 U.S.C. provides, "A bankruptcy court shall have the powers of a court of equity, law, and admiralty but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment."

contempt, is available for violation of § 362. *See generally* Hazen, *Implied Private Remedies Under Federal Statutes: Neither a Death Knell Nor a Moratorium—Civil Rights, Securities Regulation, and Beyond*, 33 *Vand.L.Rev.* 1333 (1980).

█ It is appropriate, however, to examine the extent of the contempt power and determine whether or not civil contempt proceedings before the court can be fully compensatory or are limited by Fed.R. Bankr.P. 920(a)(3) as to the amount of damages the court may assess against a party and award to a complainant. The Supreme Court in *U. S. v. United Mine Workers of America*, 330 U.S. 258, 303–04, 62 S.Ct. 677, 701, 91 L.Ed. 884 (1947) left no doubt that "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.... Where compensation is intended, a fine is imposed, payable to the complainant." In *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948), the court further pointed out that "[t]he absence of wilfulness does not relieve from civil contempt," and that "the measure of the court's power in civil contempt is determined by the requirements of full remedial relief."[4] *Id.* at 193, 69 S.Ct. at 500. In this circuit, the Court of Appeals, in *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979) approved analogizing "the imposition of a compensatory fine in civil contempt to a tort judgment for damages caused by wrongful conduct. The sanction is employed not to vindicate the court's authority but to make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed."

Fed.R.Bankr.P. 920(a)(3) provides that a bankruptcy judge "shall not ... impose a fine of more than $250 as punishment for any contempt, civil or criminal." Since the rule uses the words "as punishment", it has been construed to apply only to punitive fines, not compensatory fines as described in *United Mine Workers, McComb*, or *Vuitton. See In re Preferred Surfacing, Inc.*, 3 B.C.D. 94 (Bkrtcy.N.D.Ga.1976) (the $250 ceiling referenced in Rule 920(a)(3) limits only the amount of a punitive fine a bankruptcy judge may impose rather than to preclude the compensatory relief which is the essential feature of a civil contempt proceeding initiated by an injured party) and *In re Brooks*, 12 B.R. 283, 8 B.C.D. 95 (Brktcy., W.D.Mo.1981) (the court's authority to award reparative relief requested by a debtor is not solely limited to the $250 ceiling of Rule 920(a)(3) as that applies only to fines as punishment for acts of contempt).

Furthermore, since the enactment of the Bankruptcy Reform Act of 1978, it is questionable whether subsection (a)(3) of Rule 920 survives as it may conflict with 28 U.S.C. § 1481 which contains no monetary limits upon the bankruptcy court's contempt power.[5] Both a leading treatise and a recent bankruptcy court opinion conclude that the rule insofar as it imposes a $250 limitation is no longer in effect. 1 *Collier on Bankruptcy*, ¶ 3.01, at 3–109 (15th Ed. 1979); *In re Eisenberg*, 7 B.R. 683 (Bkrtcy., E.D.N.Y.1980); *Contra In re Pal Transport, supra.* I conclude that this court has the authority to make an award, by way of a compensatory fine, for damages sustained by the debtor due to any violation by Transitowne of the automatic stay imposed by § 362, and that such award is not limited by any provision of Rule 920(a)(3).

There is no need, at this stage of the proceeding, to determine whether punitive damages may be awarded in addition to compensatory damage in a civil contempt proceeding.

---

4. The presence of willfulness will allow a court to award attorney fees to a complainant. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

5. *See* note 3 *supra.*

The motion of Transitowne to dismiss the second count of the debtor's counterclaim must be, and hereby is, denied.