**In re Peter ZARTUN and Mary Zartun, Debtors.**

**SUPERIOR PROPANE, Appellant,**

v.

**Peter ZARTUN and Mary Zartun, Appellees.**

BAP No. EC–82–1187.

Bankruptcy No. 281–04439–11–D.

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Feb. 18, 1983.

Decided June 13, 1983.

Stanley G. Lerner, Sacramento, Cal., for appellant.

George A. Roberts, Nevada City, Cal., for appellee.

Before HUGHES, ELLIOTT and ABRA-HAMS, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge:

Superior Propane appeals from an order holding it in contempt for violation of the automatic stay, 11 U.S.C. § 362(a), and ordering it to pay the debtor $549 in damages and $1095 in attorney fees. We modify the order and affirm as modified.

### I

#### A

Appellant leased a 500 gallon tank to the debtors for storing the propane that it sold. Installation charges and the first year's rental came close to $400. Shortly after installation in April 1981, the Zartuns were supplied additional propane at a cost of

$264, which amount was paid 10 days later. On July 1, 1981, the Zartuns paid $200 on the installation bill, leaving a balance due of $210, including interest.

No further payments were made on the bill, nor does it appear that any further propane was purchased from Superior. The company continued to bill the debtors periodically and indicated on statements mailed at the end of the year that the tank would be picked up for non-payment. The debtors denied receiving such notice, however.

The debtors filed Chapter 11 bankruptcy on December 3, 1981. Notice of the bankruptcy was received by Superior on January 13, 1982, and the tank was repossessed on January 14. Superior subsequently credited the debtors' account with $249 for propane found in the tank and mailed them a check for the $18.94 excess.

### B

In February, the Zartuns initiated a proceeding for violation of the stay and prayed that Superior be ordered to return the tank and its contents, to pay an appropriate fine, and to pay $750 attorneys fees to the debtors.

Following a hearing in April, the court found Superior in contempt for a knowing violation of the section 362(a) stay. Although no fine was imposed, Superior was ordered to pay $549 in damages and $1095 in attorneys fees to the debtors. The court found that the debtors had a leasehold interest in the tank and owned the 310 gallons of propane contained within the tank.

On appeal, Superior asserts error on several grounds:

1. The award was excessive because Bankruptcy Rule 920 permits a bankruptcy judge to impose a fine of no more than $250.

2. The award of attorneys fees was erroneous because the court did not find its conduct to constitute either willful disobedience of a court order or that it acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

3. The attorneys fees exceeded the damages.

4. The Zartuns had neither legal nor equitable interest in the tank.

5. The tank lease was terminated.

6. Superior had a right to repossess the tank and reimburse the Zartuns for the gas.

7. There was no evidence to support the finding of damages to the extent of $300 of the $549 awarded.

### II

We take up the citations of error in a somewhat different order.

### A

The automatic stay does not depend on either a legal or equitable interest (citation of error # 4) or a leasehold interest (citation # 5). Title 11 U.S.C. § 362(a)(3) stays "*any act to obtain possession* of property of the estate or *of property from the estate*..." (Emphasis supplied).

Any doubt as to what is meant by this paragraph is dispelled by the legislative reports.

> Paragraph (3) stays any act to obtain possession of ... property from the estate (property over which the estate has control or possession).

H.R. No. 95–595, 95th Cong., 1st Sess. 340–2 (1977); S.R. No. 95–989, 95th Cong., 2d Sess. 49–51 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5836, 6298.

The Zartuns were in possession of the tank and Superior obtained possession from them. This violated the stay.

Superior argues, however, that it had a contract right to repossess upon default (citation # 6). This begs the question; the automatic stay prohibits acts that, but for the stay, would be lawful. There was no evidence that the Zartuns consented to the repossession.

### B

We need not decide whether the court was authorized to levy a fine exceeding $250. It imposed no fine as such, but it did award damages and attorneys fees.

■ Notwithstanding suggestions to the contrary, see, e.g., *Matter of PAL Transport, Inc.,* 13 B.R. 935, 940 (Bkrtcy.M.D.Fla. 1981), we believe that damages and attorneys fees may be awarded ancillary to a contempt order so long as the awards are not punitive and they restore the status that existed before the stay violation. See, *Matter of Gorin,* 18 B.R. 151, 8 B.C.D. 1184 (Bkrtcy.D.Conn.1982); *In re Johnson,* 18 B.R. 755 (Bkrtcy.S.D.Ohio 1982); *In re Reed,* 11 B.R. 258, 4 B.C.D.2d 736 (Bkrtcy.D. Utah 1981).

■ In this case, the Zartuns initially sought return of the propane and the tank but by the time the matter was heard they had obtained an alternate tank. An award of compensatory monetary damages in lieu of an order directing return of the tank and its contents is not unreasonable. Because the debtor needed assistance in order to establish the stay violation, the award of attorneys fees is justified as restoring the parties to the position they were in before Superior repossessed the tank. See, *Fidelity Mortgage Investors Co. v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976), cert. den. 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, reh. den. 430 U.S. 976, 97 S.Ct. 1670, 52 L.Ed.2d 372 (1977).

Thus, as to citation of error 1, we hold that Bankruptcy Rule 920 does not limit the amount of compensatory damages that may be awarded in a contempt proceeding for violation of the automatic stay.

### C

■ We fully accept Superior's contention, that the American Rule requires specific statutory or contractual authority for the award of attorneys fees. As indicated, the award of fees here can be justified on the basis of restoring the status that existed before the violation. However, even Superior acknowledges that fees may be awarded for willful disobedience of a court order. *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 426–428, 43 S.Ct. 458, 465–466, 67 L.Ed. 719 (1933); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d

475 (1967). Superior knew of the bankruptcy, which is the legal equivalent of knowing of the stay, and therefore willfully disobeyed the stay. See, *Fidelity Mortgage,* supra.

As to citation 3, we believe the only limitation on an award of attorneys fees is reasonableness.

### D

■ The damages award of $549 included $230 as the value of the propane in the tank and $300 for, in the words of counsel, "making other arrangements" for a propane tank. There was no evidentiary basis for the award, however. The finding that they were damaged in that amount therefore is clearly erroneous. Bankruptcy Rule 810.

### III

The order is modified to provide for $230 damages and $1095 attorneys fees and is affirmed as modified.