**In re PROMOWER, INC.**

**PROMOWER, INC., Morton A. Faller, Trustee,**

v.

**John SCUDERI, et al.**

Bankruptcy No. 84–A–0296.
Adv. No. 84–0132A.
Civ. No. B–86–1014.

United States District Court,
D. Maryland.

May 27, 1987.

Jeffrey M. Axelson, Bruce M. Bender, Van Grack, Axelson & Williamowsky, Rockville, Md., for appellants.

Steven Dorne, Magazine & Dorne, Rockville, Md., for appellees.

WALTER E. BLACK, Jr., District Judge.

The Court hears this matter as an appellate court for review of a decision by Judge Paul Mannes of the United States Bankruptcy Court for the District of Maryland. *In re Promower,* 56 B.R. 619 (Bankr.D.Md.1986). The basic issue on appeal is whether an appellant-debtor can recover punitive damages upon a finding of a

violation of the automatic stay provisions of the Bankruptcy Code for misconduct that preceded the enactment of 11 U.S.C. § 362(h).

The appellant-debtor in this case was a small lawn mower business in Rockville, Maryland. The business was located in a shopping center owned and leased by the appellees. The appellant encountered financial difficulty in 1984 and consequently filed a petition for bankruptcy under Chapter 7 on March 7 of that year. The filing of a bankruptcy petition stays all creditors from performing any act to create, perfect or enforce any lien against property of the estate and property of the debtor. 11 U.S.C. § 362(a). The automatic stay is intended to protect the debtor from harassment from its creditors in order to facilitate an orderly liquidation of the debtor's property. Bankruptcy law is remedial legislation enacted to provide a debtor with a financial "fresh start." *In re Stokes*, 39 B.R. 336, 340 (Bankr.E.D.Va.1984). Appellees, however, chose not to respect the automatic stay provisions of the Bankruptcy Code. Instead, they sought to take possession of the debtor's property by engaging in conduct characterized by the Bankruptcy Court as "the most egregious violations of the stay of § 362(a) that the court has encountered." *Promower*, 56 B.R. at 619. A description of that conduct is set forth in the Bankruptcy Court's decision and need not be reiterated here.

Upon finding the violation of the stay willful and therefore contemptuous, the Bankruptcy Court then discussed the damages sustained by the appellant-debtor. No actual damages were found to have been sustained; consequently, the issue of punitive damages became paramount. The Bankruptcy Court reluctantly found no authority for the award of punitive damages for a violation of the bankruptcy stay and accordingly denied them. Section 362(h) of the Bankruptcy Code authorizes punitive damages for a willful violation of the bankruptcy stay; however, that section was enacted months after the misconduct which is the subject of this complaint and, therefore, is not applicable to the present case. Public Law 98–353, in adding § 362(h) to

the Bankruptcy Code in Title III, Subtitle A, § 304, set the effective date under § 553(a) as 90 days after its July 10, 1984 enactment. The misconduct here occurred in March, 1984.

Having reviewed the applicable law and having had the benefit of the briefs and oral argument of both parties, the Court is satisfied that the Bankruptcy Court's decision was correct. There appears to be no legislative history regarding the enactment of § 362(h) and its absence leads this Court to believe that Congress was not merely codifying existing common-law remedies. The Court recognizes authority to the contrary as cited in appellant's briefs; however, the Court finds better-reasoned those cases cited by the Bankruptcy Court, namely, *Matter of Behm*, 44 B.R. 811 (Bankr.W. D.Wisc.1984), and *In Re Zartun*, 30 B.R. 543 (Bankr. 9th Cir.1983). The Court also finds persuasive the decision in *Matter of DePoy*, 29 B.R. 471 (Bankr.N.D.Ind.1983), where the Court held that the imposition of punitive damages was not appropriate in a case of civil contempt brought before a Bankruptcy Court arising from a violation of the automatic stay. *Id.* at 479. Civil contempt is remedial and compensatory and is not punitive. *Id., citing United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1946). The measure of damages for civil contempt is the actual damage done the complainant, and there has been no such damage to this debtor. For this debtor, the issue of punitive damages remains one for resolution under nonbankruptcy law.

The Bankruptcy Court's decision of January 15, 1986 entering judgment in favor of the appellant, Promower, Inc., in the sum of One Thousand Dollars ($1,000), representing reasonable compensation for the efforts involved in filing and obtaining a preliminary injunction, but denying punitive damages, is accordingly affirmed.

█ Though the procedural history of the state law counts in this case is not clear, the Court has further considered the outrageous and egregious behavior of the defendants to determine whether punitive damages are available under the state law counts. In addition to the plaintiff's well-founded allegation regarding the automatic

stay violation, the amended complaint alleged that the defendant's conduct amounted to wrongful eviction and/or forcible detainer under Maryland law.

During oral argument, the Court also heard from both parties as to the availability of punitive damages apart from violation of the automatic stay. The Court held this matter under advisement to consider two questions: first, whether Maryland law allows punitive damages for wrongful eviction or forcible detainer, and second, whether punitive damages may be awarded in the absence of actual or compensatory damages. As the Court must answer the latter question in the negative, the Court need not consider the availability of punitive damages for the state law counts—an issue of apparent first impression in Maryland.

The principal authority in this state establishing the necessity of a compensatory basis for punitive damages is *Shell Oil Co. v. Parker*, 265 Md. 631, 291 A.2d 64 (1972). In *Shell Oil*, the plaintiff gas station sued the defendant gas station for advertising itself as the "last Shell station" before certain highways when, in fact, the plaintiff was the last such station. After a jury trial, judgment was entered in favor of the plaintiff for One Dollar ($1.00) nominal damages and for Seventy-Five Thousand Dollars ($75,000) punitive damages. The plaintiff could not prove any actual loss because the profit from the sale of gasoline increased rather than decreased during the years the sign remained erected. The jury did find, however, pursuant to the Court's instructions, a "continuing" and "technical invasion" of the plaintiff's rights, and awarded nominal damages in this regard. The Court of Appeals upheld the nominal damages but reversed the judgment for punitive damages and held that, "to support an award of punitive damages in Maryland there must first be an award of at least nominal compensatory damages." *Shell Oil*, 264 Md. at 644, 291 A.2d 64. The *Shell Oil* case stands for the proposition that there must be more than a "technical violation" of the plaintiff's rights before there can be recovery for punitive damages. It remains abundantly clear in Maryland that the "first condition for re-

covery of punitive damages is that there be an award of compensatory damages." *Rite Aid Corp. v. Lake Shore Investors*, 298 Md. 611, 626, 471 A.2d 735 (1984), *citing Montgomery Ward & Co. v. Keulemans*, 275 Md. 441, 446, 340 A.2d 705 (1975). *See also, Exxon Corp. v. Yarema*, 69 Md.App. 124, 516 A.2d 990 (1986), *cert. denied* 309 Md. 47, 522 A.2d 392 (1987).

Moreover, it is similarly clear that there is no actual loss in the case before this Court. The Court agrees with the Bankruptcy Court that the plaintiff has indeed established his cause of action but has failed to prove any damage. *Promower*, 56 B.R. at 623. The sum of One Thousand Dollars ($1,000) awarded to the plaintiff for attorney's fees in connection with the preliminary injunction is just that—the sum does not represent compensatory damages for "actual and real loss or injury" necessary to an award of punitive damages for the defendant's offensive behavior. *Shell Oil, supra*, 265 Md. at 638 n. 3, 291 A.2d 64. The conduct was an invasion of the plaintiff's rights under Maryland law but, because of the marked absence of proof of any damage, it is a technical invasion only. Under Maryland law, punitive damages are not available to this plaintiff.

The Court will affirm in its entirety the decision of the Bankruptcy Court in a separate Order.