**In re William W. HUNTER,**
**SS# 521–04–4328, Debtor.**

**Bankruptcy No. 95–12159 CEM.**

United States Bankruptcy Court,
D. Colorado.

Dec. 26, 1995.

Randolph A. Sigley, Colorado Springs, Colorado, for Debtor.

David T. Brennan, Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Denver, Colorado, for Craig Hospital.

*ORDER ON MOTION FOR CONTEMPT*
*CITATION AND PETITION TO COURT*
*FOR AN ORDER TO SHOW CAUSE*

CHARLES E. MATHESON, Chief Judge.

The Debtor herein has filed a motion seeking an order directed to Craig Hospital ordering it to appear and show cause why it should not be held in contempt of this Court for violation of the provisions of 11 U.S.C. § 362. The violation of section 362 arises out of certain alleged wrongful acts of the creditor in attempting to seize assets of the Debtor.

Contempt is a serious charge brought on by summary proceedings before the Court. Fed.R.B.P. 9020. A Court's capacity to punish for contempt has generally been considered to be an inherent and essential element of its power. However, the power of federal courts to punish for contempt is limited by statute to those cases involving:

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions; and

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command. 18 U.S.C. § 401.

The activity complained of does not constitute misbehavior in the presence of the Court nor does it consist of misbehavior of any of the court's officers in their official transactions. If grounds exist for the issuance of an order to show cause, they must be found in the provisions of subsection (3) pertaining to the disobedience of or resistance to the Court's lawful writ, process, order, rule, decree or command.

 The genesis of the authority for the issuance of contempt citations for violation of 11 U.S.C. § 362 is to be found in *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir.1976). That case arose prior to the Bankruptcy Code and arose out of an asserted violation of then Bankruptcy Rule 11–44 which provided for the imposition of the stay which is now codified in section 362 of the Bankruptcy Code. In *Fidelity Mortgage*, the Second Circuit found that Rule 11–44, having been promulgated by the United States Supreme Court, constituted a "rule" of the Court within the meaning of 18 U.S.C. § 401 and enforced compliance by way of a contempt order.

As noted, with the advent of the Bankruptcy Code, the automatic stay was codified in section 362 of the statute. Bankruptcy Rule 11–44 has long since been abandoned. The motion for an order to show cause alleges only a violation of the statutory provisions of section 362. While the Court is aware that it is the practice of some bankruptcy judges in some jurisdictions to punish violations of section 362 by contempt, this Court is unaware of any authority that would give this Court jurisdiction to punish violations of purely statutory provisions by contempt citations.[1] Absent express authority therefor, this Court is unwilling to proceed to enforce by summary procedures what is a statutory edict.

The Court's conclusion is bolstered by the provisions of Fed.R.B.P. 7001 which expressly provides that injunctive or equitable relief and actions to recover money or property shall be sought by way of an adversary proceeding. In this case, the Debtor seeks damages, costs, attorney's fees and such further relief as the Court deems appropriate. Such relief should not and cannot be granted by the expedient of a summary contempt proceeding. Having considered the same and pursuant to the findings set forth herein,

IT IS HEREBY ORDERED that the motion for an order to show cause and for a contempt citation is hereby denied.

---

1. The Tenth Circuit, in the case of *In re Skinner*, 917 F.2d 444 (10th Cir.1990), affirmed on order of the bankruptcy court imposing sanctions for the violation of the provisions of 11 U.S.C. § 362(a). However, the question of whether contempt was the proper remedy for violation of a purely statutory provision was not presented to or decided by the court.