In the Matter of RIMSAT, LTD., Debtor.

Bankruptcy No. 95–10120.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

April 3, 1997.

Grant F. Shipley, Fort Wayne, Indiana and William Factor, Chicago, Illinois, for Kauthar Sdn. Bhd.

Eric Chickedantz, Fort Wayne, Indiana, for Matt Nilson.

## *DECISION*

ROBERT E. GRANT, Bankruptcy Judge.

This court has no doubt that it has the power to enforce the automatic stay of 11 U.S.C. § 362(a). The question before it concerns the means by which that power is properly exercised.

Kauthar Sdn. Bhd., an equity security holder of the debtor, has initiated securities litigation in district court against Matt Nilson and others. In that litigation, Nilson filed a cross claim. Kauthar contends this cross claim is property of the estate and that, by filing it after the date of the petition, Nilson improperly "exercise[d] control over property of the estate", 11 U.S.C. § 362(a)(3), thereby violating the automatic stay. As a result, Kauthar filed a motion asking this court to find Nilson and his attorneys in civil contempt and to award it compensatory and punitive damages, as well as its attorney fees. On its own motion, the court raised the questions of whether a claimed violation of the automatic stay may be remedied through a motion for civil contempt and whether the remedy for such a violation must be sought through an adversary proceeding or through a contested matter.

"In order to prevail on a contempt petition, the complaining party must demonstrate ... that the respondent has violated the express and unequivocal command of a *court order.*" *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir.1993) (emphasis original) (citing *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir.1989)). *See also Goluba v. Sch. Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir.1995); *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir.1986); *H.K. Porter Co., Inc. v. Nat'l Friction Prods.*, 568 F.2d 24, 27 (7th Cir.1977). Attempting to characterize a violation of the automatic stay as

civil contempt falters on this point. *See In re Hunter,* 190 B.R. 118 (Bankr.D.Col.1995); *In re Calstar, Inc.,* 159 B.R. 247, 257–258 (Bankr.D.Minn.1993). The automatic stay is a statutory creation. *See* 11 U.S.C. § 362(a). Consequently, there is no court order which could have been violated. Without such an order, there can be no civil contempt. *Armstrong v. Executive Office of President,* 1 F.3d 1274, 1289 (D.C.Cir.1993); *Russell v. Sullivan,* 887 F.2d 170, 171 (8th Cir.1989), *cert. denied,* 494 U.S. 1027, 110 S.Ct. 1473, 108 L.Ed.2d 611 (1990); *Walling v. Crane,* 158 F.2d 80, 84 (5th Cir.1946).

Despite the fact that no court order is issued to create the automatic stay, it is not uncommon for courts to characterize a failure to comply with § 362(a) as contempt of court. *See e.g. In re Jove Eng'g, Inc.,* 92 F.3d 1539 (11th Cir.1996); *Matter of Littke,* 105 B.R. 905 (Bankr.N.D.Ind.1989); *Matter of Crum,* 55 B.R. 455 (Bankr.M.D.Fla.1985); *Matter of Gorin,* 18 B.R. 151 (Bankr.D.Conn.1982); *In re Eisenberg,* 7 B.R. 683 (Bankr.E.D.N.Y. 1980). The genesis for doing so seems to be the Second Circuit's decision in *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, *reh'g denied,* 430 U.S. 976, 97 S.Ct. 1670, 52 L.Ed.2d 372 (1977). There, the court considered whether a violation of former Rule 11–44 of the Rules of Bankruptcy Procedure [1] constituted contempt of court. The court concluded that it did, reasoning that the rule had "the effect of an order and was designed to expedite automatically the stay that would otherwise be obtained by an order...." *Fidelity Mortgage,* 550 F.2d at 52. Where enforcement through contempt proceedings was concerned, the court saw no reason to treat a stay created by a court order differently from one created by a rule. *Id.* at 52 n. 2. It came to this conclusion because it felt that to do otherwise would be to exalt form over substance and out of concern that a contrary result would leave the courts without the authority needed to enforce the applicable rules of procedure. *Id.* at 53.

The contention that a violation of the automatic stay is not civil contempt does not exalt form over substance. It is much more than just a matter of semantics. The characterization given to the proceeding will have a fundamental impact upon matters of such significance as the standard of proof, the relief available and the procedure to be followed. In civil proceedings, the presumptive standard of proof is by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 284–285, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Civil contempt requires proof by clear and convincing evidence. *Stotler and Co.,* 870 F.2d at 1163; *Goluba,* 45 F.3d at 1037. The relief available in civil contempt proceedings is limited to compensatory damages (which may include attorney fees) and such other relief as may be needed to compel compliance with the court's order. *Int'l Union UMWA v. Bagwell,* 512 U.S. 821, 826–830, 114 S.Ct. 2552, 2557–2558, 129 L.Ed.2d 642 (1994); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 440–445, 31 S.Ct. 492, 498–499, 55 L.Ed. 797 (1911); *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990); *United States v. Consol. Productions, Inc.,* 326 F.Supp. 603, 606 (D.C.D.Cal. 1971). Punitive damages—damages designed merely to punish the offender or to vindicate the court's authority—are not available. *Gompers,* 221 U.S. at 440–443, 31 S.Ct. at 498; *Lamar Fin.,* 918 F.2d at 566–567. They are available only in proceedings involving criminal contempt, which, unlike civil contempt, may implicate the right to a jury trial. *See Int'l Union,* 512 U.S. at 821, 114 S.Ct. at 2552. Unlike most core matters where the bankruptcy court may enter a final order or judgment subject to traditional appellate review, 28 U.S.C. §§ 157(b)(1) & 158(c)(2), review of the bankruptcy court's

---

1. Former Bankruptcy Rule 11–44 provided that the filing of a petition operated as a stay of various acts and proceedings against the debtor and its property. This and similar rules are among the predecessors to § 362(a). Prior to their promulgation, obtaining a stay required an affirmative request and a court order. *See generally,* 3 *Collier on Bankruptcy,* ¶ 362.LH[2]–[3] (15th ed.); *Calstar,* 159 B.R. at 257.

decision in civil contempt proceedings is *de novo*. Bankr.Rules 9020 & 9033(d).

 The Second Circuit's conclusion that the automatic stay could be enforced through civil contempt because the rule that created it had the "effect of an order" would not be acceptable to the Seventh Circuit. When specifically confronted with such an argument it had "no hesitancy in concluding that the proceeding can not rest upon something that transpired in the court under the guise that it had the effect of an order." *In re Sixth & Wisconsin Tower*, 108 F.2d 538, 540 (7th Cir.1939). Without a court order specifying what must be done there can be no civil contempt. Thus, even though a statute may clearly create a legal obligation, the failure to fulfill that obligation will not support a finding of civil contempt unless there is also a court order turning that statutory duty into a judicial command. *See D. Patrick, Inc.*, 8 F.3d at 461; *H.K. Porter*, 568 F.2d at 27–28.[2]

 A civil contempt proceeding "is concerned solely with whether or not the respondent's conduct violates a prior court order...." *D. Patrick, Inc.*, 8 F.3d at 459. There can be no contempt for the disobedience of a nonexistent order. *Walling*, 158 F.2d at 84. The automatic stay is not a court order, and thus, cannot be the basis for civil contempt proceedings.

 Having come to the conclusion that a violation of the automatic stay does not constitute civil contempt, the second question before the court—whether the remedy for such a violation is properly sought through a contested matter or an adversary proceeding—is readily answered. Bankruptcy Rule 7001 specifies the types of disputes that must be litigated as adversary proceedings. Among them are proceedings to recover money or property and proceedings to obtain injunctive or other equitable relief. Bankr.

Rules 7001(1) & (7). This is the type of relief that is almost always sought by proceedings seeking to remedy a claimed violation of the automatic stay. The complaining party seeks an order compelling restoration of the pre-violation status quo and requiring future compliance with § 362(a), as well as compensatory damages as a result of the violation, attorney fees, and often punitive damages as well. This makes the proceeding one to recover money or property or to obtain injunctive relief. As such, an adversary proceeding is required. *Accord Hunter*, 190 B.R. at 119.

Kauthar's motion for civil contempt will be denied.

---

**2.** Given the clarity with which the Seventh Circuit has repeatedly insisted upon the existence of a court order specifically commanding particular action as a prerequisite for civil contempt, this court does not believe that a parenthetical aside in *Central States Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir.1992), suggesting that violation of the automatic stay may expose the violator to contempt proceedings, indicates that the Seventh Circuit is prepared to abandon the requirement where the automatic stay is concerned.