### In re FAS MART CONVENIENCE STORES, INC., et al., Chapter 11 Debtors in Possession.

### Keith L. Phillips, Trustee, Plaintiff,

### v.

### Lehman Brothers Holdings, Inc., d/b/a Lehman Capital and Peter Kern, Defendants.

### No. 01–60386.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Jan. 9, 2004.

371

Frank J. Santoro, Portsmouth, VA, for Trustee.

Allan S. Buffenstein, Richmond, VA, for creditors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Chief Judge.

In this chapter 11 case, Keith L. Phillips, trustee, filed a motion pursuant to 11 U.S.C. § 362(h) for sanctions for violation of the automatic stay against Lehman Brothers Holdings, Inc., d/b/a Lehman Capital, and Peter Kern, a vice president of Lehman. The motion was filed on July 23, 2003, as a contested matter, with trial scheduled for February 23, 2004.

Lehman and Kern filed separate motions to dismiss the trustee's motion. Hearing on these motions was held October 21, 2003. The court has considered the arguments of counsel at hearing along with their supporting memoranda. For reasons stated below, the motions to dismiss will be denied. However, the court will require the trustee to convert this contested matter to an adversary proceeding.

### The Trustee's Motion For Sanctions For Violation of the Automatic Stay.

Lehman is a secured creditor of the debtors, and Kern is a vice president of Lehman. The trustee's motion seeks sanctions against these parties for violations of the § 362(a) automatic stay. The facts relied upon by the trustee are summarized in his proposed memorandum opinion and order as follows:

> Lehman and Kern, in an effort to effectuate a recovery on Lehman's prepetition claim against the estates of these debtors, knowingly and intentionally violated the automatic stay in a manner that inflicted significant harm on the Debtors' estates. Lehman and Kern secretly were violating the automatic stay while simultaneously engaging in a series of acts and actions intended to delay the Trustee's sale of assets, so that Lehman could trigger environmental pollu-

tion insurance coverage it maintained with respect to certain of the real properties owned or leased by Fas Mart in Delaware. At the same time that Lehman and Peter Kern were engaging the Trustee in negotiations, as well as filing pleadings and making appearances in this Court with respect to the Trustee's proposed sale of assets to a third party, Lehman and Kern, without the knowledge, authorization or consent of the Trustee or the Court, and directly contrary to the express instructions of the Trustee, caused the properties of the Debtors to be entered and physically intrusive testing to be performed. The direct and proximate results of these stay violations are that the costs, fees and expenses of the estates in connection with the sale of the Debtors' assets were significantly increased. Only after the testing had been completed did Lehman withdraw its opposition to the proposed sale to the third party, although the Trustee did not learn of the surreptitious testing, or the results thereof, until months after the fact, and only then upon investigating after learning of new environmental remediation required for some of these sites by the Delaware environmental authorities. The details supporting this summary are set out more fully in the Sanctions Motion, but the Trustee has emphasized, in argument before the Court, that Kern is not a defendant in this matter simply because he is a vice president of Lehman. Rather, he has been named as a defendant because, it is alleged, he was a primary actor and participant in the course of conduct which is said to have been a knowing and intentional violation of the stay.

The sanctions sought by the trustee under § 362(h),[1] include compensatory and punitive damages, cancellation of Lehman's security interests, denial of its claims, mandatory disgorgement of adequate protection payments previously made to Lehman, and attorneys' fees and costs.

### Discussion and Conclusions.

The two motions to dismiss arise within the existing contested matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). The court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362.

### LEHMAN'S MOTION TO DISMISS

Lehman makes two arguments in support of its dismissal motion. First, Lehman argues that the trustee's motion requires the filing of an adversary proceeding, initiated by complaint, rather than a motion in a contested matter. This position is based upon the assertion that the proceeding actually seeks 1) to recover money or property and 2) to determine the validity, priority, or extent of a lien. Thus, Fed. R. Bankr.P. 7001(1) and (2) require the trustee's motion to be filed as an adversary proceeding. Additionally, Lehman suggests that it will be necessary for the parties to conduct discovery, and for this reason also it should be brought as an adversary proceeding.

Lehman's second argument follows from the language of § 362(h) stating that damages may be recovered by "[a]n *individual* injured by any willful violation of a stay." 11 U.S.C. § 362(h) (emphasis supplied). Lehman asserts that the chapter 11 trus-

---

1. 11 U.S.C. § 362(h) states: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

tee of the debtors is not an "individual" entitled to recover under the statute.

### Adversary Proceeding Or Contested Matter

Lehman characterizes the sanctions motion as a proceeding to recover money or property and to determine the validity, extent, or priority of a lien, both of which would require enforcement by a complaint in an adversary proceeding. *See* Fed. R. Bankr.P. 7001(1), (2).[2] The court rejects this argument.

■ A claim for compensatory or punitive damages under Code § 362(h) is not mentioned in Bankruptcy Rule 7001 as requiring an adversary proceeding. The trustee's motion solely seeks redress for Lehman's and Kern's alleged willful violations of the automatic stay and is not coupled with a cause of action of a type that could be characterized as a claim to recover money or property. Neither can the trustee's requests to deny Lehman's claims in the case and cancel its security interest be properly characterized as a determination of the validity, extent or priority of a lien. Case law on the issue raised by Lehman's argument, while not extensive, supports the trustee's position. *See In re Dunning*, 269 B.R. 357, 367 (Bankr.N.D.Ohio 2001); *In re Timbs*, 178 B.R. 989, 994 (Bankr.E.D.Tenn.1994). *But*

*see Matter of Rimsat, Ltd.*, 208 B.R. 910 (Bankr.N.D.Ind.1997).[3]

■ Lehman's final argument that the need for discovery as a justification for dismissal of this contested matter disregards the language of Bankruptcy Rule 9014(c), which expressly makes applicable to contested matters brought on by motion the discovery rules in Part VII of the Bankruptcy Rules. Neither defendant will be prejudiced nor deprived of procedural rights in the present proceeding as they will have full opportunity to conduct discovery, present witnesses and other evidence, and argue the merits of the case.

■ Although this procedural issue raised by Lehman's motion does not warrant dismissal of the trustee's proceeding under § 362(h), the court nevertheless will instruct trustee's counsel to take steps to convert the sanctions contested matter to an adversary proceeding. This may be accomplished either by refiling the motion as a complaint or by other means allowed under the Bankruptcy Rules. I impose this requirement as a precaution. The sanctions requested in the trustee's motion are complex, and there is potential for appeal. Trustee's counsel has argued that refiling the motion as an adversary proceeding will be costly and time consuming. However, costs and time are better expended at this time than later upon a remand of the case on appeal.[4]

2. Following this same rationale, Lehman could also argue that the trustee's request to deny Lehman's claim requires an adversary proceeding. Fed. R. Bankr.P. 3007 provides that when an objection to a claim is combined with a demand for relief of a kind specified in Rule 7001, it becomes an adversary proceeding.

3. The trustee relies in part on the opinion in *Budget Serv. Co. v. Better Homes of Va., Inc. (In re Better Homes of Va., Inc.)*, 804 F.2d 289 (4th Cir.1986), in which the court upheld an award of compensatory and punitive damages under § 362(h) in a proceeding brought by

motion. The court held that the motion initiated a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2). *Id.* at 292. However, the issue raised by Lehman here was not addressed by the court of appeals, and the ruling can be said to represent only tacit approval of the trustee's argument that an adversary proceeding is not necessary for a claim under § 362(h).

4. The court is aware that other bankruptcy judges in the Eastern District of Virginia require claims under § 362(h) to be made by adversary proceeding, particularly if there is

## Trustee's Standing to Claim Damages Under 11 U.S.C. § 362(h)

 The case law is divided on the issue of whether an entity other a natural person (individual) may pursue a claim under § 362(h). However, the present rule in the Fourth Circuit is that recovery under the statute is not restricted to natural persons. In *Budget Serv. Co. v. Better Homes of Va., Inc. (In re Better Homes of Va., Inc.)*, 804 F.2d 289 (4th Cir.1986), the court upheld an award of sanctions under the statute by the bankruptcy and district courts in favor of a corporate debtor in possession. In my opinion a chapter 11 trustee stands in an even stronger position to seek § 362(h) sanctions than a corporate debtor. This court has previously held that the chapter 7 trustee for a corporate debtor is entitled to recover damages under § 362(h). *Cohen v. Un–Ltd. Holdings, Inc. (In re Nelco, Ltd.)*, 264 B.R. 790, 810–11 (Bankr.E.D.Va.1999).

The court recognizes that the ruling in *Better Homes of Virginia* currently represents the minority view. However, given this strong opinion by our court of appeals, I find it unnecessary to consider Lehman's familiar argument that the Fourth Circuit had it all wrong and would reach a different result today.[5] Moreover, this court may not disregard controlling case law from the United States Court of Appeals for the Fourth Circuit.

 Finally, although the trustee's motion does not seek a finding of contempt against Lehman and Kern, violations of the automatic stay may also be treated as contempt, aside from § 362(h). *See* 3 *Collier On Bankruptcy* ¶ 362.11[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed.

objection on the procedural ground raised here.

**5.** For an enlightening discussion of the current state of case law on the issue, see 3

rev.2004). The Fourth Circuit Court of Appeals has held that bankruptcy judges have civil contempt powers pursuant to Code § 105(a). *See Burd v. Walters (In re Walters)*, 868 F.2d 665, 669–70 (4th Cir. 1989).

## KERN'S MOTION TO DISMISS

In addition to the arguments advanced by Lehman, Kern asserts that the trustee's motion should be dismissed as to him because he never acted in an individual capacity but only as an officer of Lehman, that he has never appeared generally before this court or waived procedural requirements for personal jurisdiction, and he has not been served with a summons. The court finds that none of these grounds support dismissal of the sanctions motion against Kern.

Section 362(a) of the Bankruptcy Code imposes a stay, effective with the filing of a petition under the Code, against defined actions against a debtor, a debtor's property, or property of a debtor's estate. The stay is applicable to "all entities," and the term, "entity," is defined to include "person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15). The term, "person," in turn, is defined to include "individual, partnership, and corporation." 11 U.S.C. § 101(41).

The filing of a bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property. *See* 11 U.S.C. § 541(a)(1). Exclusive jurisdiction over the property of the debtor and of the estate vests in the district court in which the bankruptcy case has been filed and by reference from the district court to

*Collier On Bankruptcy* ¶ 362.11[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2004).

the bankruptcy court of the district. *See* 28 U.S.C. §§ 157, 1334(e).[6]

■ The trustee's sanctions motion alleges that Kern, and Lehman, took actions in violation of the automatic stay with respect to property of the estate. This court has jurisdiction over an entity, including an individual, that violates the stay, and jurisdiction cannot be defeated by a refusal to acknowledge jurisdiction. Kern, by his actions allegedly in violation of the stay, brought himself within the jurisdiction of this court, notwithstanding his not having made a general appearance or having waived "procedural requirements" of personal jurisdiction.

■ Kern, who may have violated the automatic stay in the course of his employment for Lehman, is not immune from sanction merely because he committed acts solely in his employment capacity. That he may be subject to sanction is demonstrated by two of the decisions already cited in this opinion. *See Better Homes of Va., Inc.,* 804 F.2d at 289 (compensatory and punitive damages awarded against both the corporate creditor of the debtor and its president who had actively participated in the events constituting the stay violation); *In re Timbs,* 178 B.R. at 995 (attorney sanctioned for violations of the automatic stay committed on behalf of client notwithstanding the representative capacity in which the attorney had acted). *See also* David G. Epstein et al., *Bankruptcy,* §§ 3–33 (1992).

Kern cannot claim immunity for his actions on the grounds that he had no direct, personal interest in the outcome of the actions he took for his employer, particularly if, as alleged, he directly participated in formulating the plan of action that was implemented and personally undertook steps necessary to carrying out the plan. He must therefore defend the allegations made against him.

Kern's points regarding sufficiency and service of process are not well-taken either. Kern appears to maintain that it is necessary that a summons be issued by the clerk and served upon him in order that this court obtain *in personam* jurisdiction over him. His position overlooks Bankruptcy Rule 9014(b), which provides that service of process of a motion in a contested matter shall be made "in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr.P. 9014(b). Rule 7004, in turn, states that "service may be made within the United States by first class mail postage prepaid as follows: (1) Upon an individual ... by mailing a copy of the summons and complaint ... to the place where the individual regularly conducts a business or profession." Fed. R. Bankr.P. 7004(b)(1).

The sanctions motion includes a proof of service, signed by trustee's counsel, certifying that a copy of the motion was served upon Kern by mailing it to him c/o Lehman Brothers Holdings, Inc., 745 Seventh Avenue, 7th Floor, New York, N.Y. 10019, a place which is both within the United States and where Kern regularly conducts his business or profession. The court thus finds that the sanctions motion was served upon Kern as required by Rule 7004(b) for a summons and complaint.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), cited by Kern, is inapposite because there the Supreme Court was considering service of process under

---

**6.** For the standing order of reference for the Eastern District of Virginia, see *In the Matter of the Administration of the Bankruptcy Courts* and *Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D.Va. August 15, 1984).

federal law that, unlike the Bankruptcy Rules, did not provide for service of process on the defendant.

The court will enter separate orders denying the motions of Lehman and Kern to dismiss the motion for sanctions and requiring the trustee to convert the contested matter to an adversary proceeding.